UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-296-MOC
(3:17-cr-174-MOC-DSC-1)

| | |
|---|---|
| DONALD FRANKS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. (Doc. 1).

## I. BACKGROUND

Petitioner pleaded guilty in the underlying criminal case to a single count of possession with intent to distribute methamphetamine. (3:17-cr-174 ("CR") Doc. No. 29). On March 4, 2019, the Court entered a Judgment sentencing Petitioner to 148 months' imprisonment followed by five years of supervised release. (CR Doc. No. 44). No notice of appeal was filed.

Petitioner filed the instant § 2255 Motion to Vacate on May 20, 2020,[1] arguing that counsel was ineffective in a number of regards, including the failing to file a notice of appeal despite Petitioner's timely request. (Doc. No. 1). With regards to the timeliness of his § 2255 Motion to Vacate, Petitioner states that he was "strongly under the influence that a notice of appeal had been filed" and that he did not learn until April 17, 2020 that counsel had not filed a notice of appeal in accordance with Petitioner's instructions. (Doc. No. 1 at 12).

---

[1] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prison mailbox rule); Rule 3(d), 28 U.S.C. foll. § 2255 (addressing inmate filings).

1

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter and the Government's Response, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Where a defendant unequivocally instructs an attorney to file a timely notice of appeal, the attorney's failure to file the appeal is *per se* ineffective assistance of counsel. Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). Prejudice to the defendant is presumed regardless of the merits of the appeal or waiver of appellate rights. See Evitts v. Lucey, 469 U.S. 387, 391-405 (1985); United States v. Poindexter, 492 F.3d 263, 269 (4th Cir. 2007); United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). Where a court is presented with conflicting verified statements on the issue of whether a defendant unequivocally requested that his counsel file a notice of appeal, an evidentiary hearing is required to resolve that question of fact. See Poindexter, 492 F.3d at 273.

Petitioner alleges that he timely instructed counsel to file a notice of appeal on his behalf and that counsel failed to do so. In its Response to Petitioner's § 2255 Motion to Vacate, the Government concedes that the Court should vacate the original Judgment and enter an Amended Judgment from which an appeal may be taken. (Doc. No. 3). The Government asserts that Petitioner's remaining claims should be dismissed without prejudice. (Id.).

The Court agrees with Respondent that the Court's resources would best be served by granting the § 2255 Motion to Vacate to the extent that Petitioner brings a claim for ineffective

2

assistance of counsel based on counsel's failure to file a notice of appeal after Petitioner instructed him to do so. Petitioner's remaining § 2255 claims will be dismissed without prejudice. The Court will, therefore, vacate the original Judgment and enter an Amended Judgment from which an appeal may be taken.

Petitioner is hereby advised that he has the right to appeal his criminal case to the Fourth Circuit Court of Appeals. Should Petitioner choose to appeal, he must file a Notice of Appeal with the Clerk of Court for the United States District Court for the Western District of North Carolina within 14 (fourteen) calendar days after the date the Amended Judgment of conviction is filed or within 14 (fourteen) calendar days after any government appeal is filed, whichever is later. Fed. R. App. P. 4(b)(1)(A).

### IV. CONCLUSION

For the reasons stated herein, the Court grants Petitioner's § 2255 Motion to Vacate on his claim of ineffective assistance of counsel for failing to file a notice of appeal and dismisses the remaining claims without prejudice. The Court will file an Amended Judgment so that Petitioner can file a timely notice of appeal with the Fourth Circuit Court of Appeals.

**IT IS, THEREFORE, ORDERED** that:

1. The § 2255 Motion to Vacate, (Doc. No. 1), is **GRANTED** in part and **DISMISSED** in part as stated in this Order. Furthermore, this Order granting Petitioner's § 2255 Motion to Vacate shall be without prejudice to Petitioner to file a second Motion to Vacate after he appeals his conviction.

2. The Court shall file an Amended Judgment consistent with this Order so that Petitioner may file a Notice of Appeal to the Fourth Circuit Court of Appeals.

Signed: October 6, 2020

Max O. Cogburn Jr
United States District Judge