UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cr-174-MOC-DCK-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| DONALD FRANKS, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant Donald Franks' pro se Motion for Compassionate Release/Reduction of Sentence. (Doc. No. 84). The Government has responded in opposition to the motion, (Doc. No. 90), and Defendant has filed a Reply, (Doc. No. 91). For the following reasons, Defendant's motion will be **DENIED**.

I.  BACKGROUND

In May 2017, DEA agents working with an informant arranged for the informant to buy methamphetamine from Defendant in Gastonia, North Carolina. (Doc. No. 38 ¶¶ 6–7). Defendant departed Atlanta, Georgia, the next day, as arranged, and police conducting surveillance noticed Defendant's car traveling north on Interstate 85 in Gaston County. (Id. ¶ 7).

After Defendant swerved into different lanes of travel, causing other cars to brake to avoid a collision, the police conducted a traffic stop of Defendant's car. (Id.). The police immediately detected a strong odor of marijuana coming from Defendant's car. (Id.). During a search of the car, police found a bag containing nearly two kilograms of methamphetamine that was 99% pure. (Id. ¶¶ 8–9).

When he committed this offense, Defendant, who was 42 years old, had previously been convicted of conspiracy to import at least 500 grams of cocaine in the Southern District of

1

Florida and trafficking cocaine in Monroe County, Florida, among other offenses. (Id. ¶¶ 29–36). Defendant was sentenced to 70 months in prison for his federal drug-trafficking offense, serving approximately four years before that sentence was reduced to time served under Federal Rule of Criminal Procedure 35. (Id. ¶ 36). After his release, Defendant violated the terms of his supervised release and was sentenced to 30 months in prison. (Id.).

On June 20, 2017, a federal grand jury indicted Defendant in this Court and charged him with possession with intent to distribute at least 500 grams of a mixture or substance containing methamphetamine. (Doc. No. 1). The Government also filed an information under 21 U.S.C. § 851, notifying Defendant and this Court that it intended to seek an enhanced penalty because Defendant had previously been convicted of a felony drug offense. (Doc. No. 7). Defendant entered into a plea agreement with the Government and agreed to plead guilty to the methamphetamine-trafficking offense. (Doc. No. 29 ¶ 1). In exchange, the Government agreed to dismiss the Section 851 information, requiring an enhanced penalty. (Doc. No. 29 ¶ 2). Defendant admitted in the plea agreement that at least 1.5 kilograms but less than 5 kilograms of actual methamphetamine were reasonably foreseeable to him. (Id. ¶ 8(a)).

This Court's probation office submitted a presentence report and began with a base offense level of 36 based on Defendant's responsibility for 1.99 kilograms of actual methamphetamine. (Doc. No. 38 ¶ 17). After a three-offense-level reduction for acceptance of responsibility and based on Defendant's criminal-history category of IV, the Sentencing Guidelines advised a sentence of between 188 and 235 months in prison. (Id. ¶¶ 24–25, 39, 60). The Government moved for a downward departure based on Defendant's substantial assistance. See U.S.S.G. 5K1.1. (Doc. No. 45 at 2). This Court granted the Government's motion and sentenced Defendant to 148 months in prison. (Doc. No. 44 at 2; Doc. No. 45 at 2). In February

2022, the Court further reduced Defendant's sentence to 120 months in prison, upon the Government's motion under Federal Rule of Criminal Procedure 35.

In July 2022, Defendant filed a motion to vacate his conviction and sentence under 28 U.S.C. § 2255. (Doc. No. 79 (WDNC Case No. 3:22cv338, Doc. No. 1)). Among other claims, Defendant argued that his counsel provided ineffective assistance of counsel by misadvising him to accept the United States' plea offer. (See Doc. No. 81 at 10). This Court denied Defendant's motion to vacate in August 2022, rejecting Defendant's claims of ineffective assistance of counsel. (Id., Doc. No. 81 at 9–16).

In March 2023, Defendant filed the pending motion for compassionate release. (Doc. No. 84). Defendant asks this Court to reduce his sentence because (1) he deserved a larger reduction in his sentence under Rule 35; (2) ineffective assistance of counsel related to counsel's advice to enter into a plea agreement with the Government; (3) the Bureau of Prisons ("BOP") miscalculated his good-time credit; (4) Defendant has performed well in prison, taking educational courses and completing work assignments; (5) Defendant has served most of his sentence and does not present a danger to the community; (6) Defendant has employment available to him upon his release from the BOP; and (7) Defendant would receive a lower sentence if sentenced today because most judges recognize that the purity of the methamphetamine should not make a difference in a defendant's sentence. Defendant submitted a pro se "Addendum" to his motion on April 18, 2023. (Doc. No. 89).

Defendant has incurred one disciplinary citation since returning to federal prison in 2019. (Gov't Ex. 1). He has completed six educational courses. (Gov't Ex. 2).

II. **DISCUSSION**

Once a defendant properly exhausts his administrative remedies, this Court may reduce

Defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions. See U.S.S.G. § 1B1.13. That policy statement, however, was adopted before the First Step Act, and the Sentencing Commission has not updated the policy statement to account for the fact that defendants are now permitted to file their own motions for compassionate release. In light of these circumstances, the Fourth Circuit Court of Appeals held that Section 1B1.13 is no longer an "applicable" policy statement that constrains the discretion of the district courts in finding that "extraordinary and compelling reasons" exist to warrant a reduction in sentence. See United States v. McCoy, 981 F.3d 271, 282 (4th Cir. 2020) ("By its plain terms, . . . § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)"). Thus, the Court is "empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise." Id. at 284 (quoting United States v. Zullo, 976 F.3d 228, 230 (2d Cir. 2020)). The Court still may consider the § 1B1.13 factors, however, because that Section "remains helpful guidance even when motions are filed by defendants." Id. at 282 n.7. As the movant, Defendant still bears the burden of establishing that he is eligible for a sentence reduction, and that includes establishing that "extraordinary and compelling reasons" justify his request. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

    Defendant has not established an extraordinary and compelling reason for compassionate release. Defendant has not alleged that he satisfies any of the criteria for compassionate release

4

authorized in Sentencing Guidelines § 1B1.13, nor has he alleged any disparity between the sentence he received and the sentence "provided for under the First Step Act." McCoy, 981 F.3d at 286. Instead, he asks this Court to exercise its discretion to grant him compassionate release because he believes his and his wife's efforts to assist the Government merited a larger sentence reduction than this Court granted initially under Sentencing Guidelines 5K1.1 or later under Rule 35; ineffective assistance of counsel related to counsel's advice to enter into a plea agreement with the Government; the alleged miscalculation of his good-time credit by the BOP miscalculated his good-time credit; his good behavior and rehabilitative efforts in the BOP; his employment opportunities upon release; and because he would receive a lower sentence if he were sentenced today.

As an initial matter, this Court has already denied Defendant's claims of ineffective assistance of counsel through his Section 2255 motion to vacate, and a motion for compassionate release is not the proper venue for those claims in any event. See United States v. Ferguson, 55 F.4th 266, 272 (4th Cir. 2022) (holding that "a compassionate release motion cannot be used to challenge the validity of a defendant's conviction or sentence"). Section 2255 remains "the exclusive method" for such challenges, and Defendant may not "sidestep § 2255's requirements" through a motion for compassionate release. Id. at 270 (citing 28 U.S.C. § 2255).

Similarly, Defendant's challenge to the computation of his federal sentence and the consideration of good-time credits is a claim properly asserted under 28 U.S.C. § 2241, not in a claim for compassionate release. See Fontanez v. O'Brien, 807 F.3d 84, 86 (4th Cir. 2015). Defendant's claim that he would receive a lower sentence if sentenced today because this Court would sentence him based on the guideline range applicable to the same quantity of methamphetamine mixture also fails to describe an extraordinary and compelling circumstance.

Sentencing Guidelines § 2D1.1(c)(2) provides for a base offense level of 36 if a defendant's offense involves at least 1.5 kilograms of actual methamphetamine. That is the same base offense level applied by this Court when calculating Defendant's advisory guideline range. A sentence within the properly calculated guideline range, including Defendant's downward departure, is presumed reasonable and does not describe an extraordinary and compelling circumstance.

Defendant's suggestion that this Court should have granted him a greater reduction for his assistance to the Government also fails to describe an extraordinary and compelling circumstance. Defendant was twice rewarded for his assistance to the Government — first, in a 40-month downward departure under section 5K1.1 and, second, in an additional 20-month sentence reduction under Rule 35. Together, Defendant's sentence is five years shorter because of his assistance to the Government. Moreover, this Court acted well within its discretion when it granted the sentence reductions it granted.

Finally, Defendant's post-imprisonment employment opportunity and his efforts at rehabilitation are not extraordinary and compelling circumstances warranting early release. That Defendant has a job opportunity upon his release from prison is positive, as are the educational and enrichment courses he has completed while in the BOP. But having a job opportunity post-imprisonment and completing some educational and enrichment courses is not extraordinary or compelling.

The Court further finds that even if Defendant had shown extraordinary and compelling reasons for compassionate release, consideration of the Section 3553(a) factors counsel against relief. This Court must consider the sentencing factors in 18 U.S.C. § 3553(a), as "applicable," as part of its compassionate release analysis. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020). Those factors include "the nature and circumstances of the

underlying offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence and protect the public from further crimes of the defendant." <u>United States v. Prater</u>, No. 3:13CR133, 2021 WL 54364, at *4 (E.D. Va. 2021) (citing 18 U.S.C. § 3553(a)(1)–(2)). Section 3553(a) also instructs courts to consider the sentencing range established for the offense, as well as "the need to avoid unwarranted sentence disparities." 18 U.S.C. § 3553(a)(4), (6).

Defendant has not shown that the sentencing factors in Section 3553(a) warrant a reduction in his sentence. Defendant's offense conduct was serious, involving a large quantity of methamphetamine. While Defendant has served a significant amount of time in prison and has received only one disciplinary citation, he was not young when he committed his offense, and he committed that offense after serving a custodial sentence for another federal drug-trafficking conviction. In sum, the nature and circumstances of Defendant's offense, his history and characteristics, and the need for deterrence, for just punishment, and to protect the public all weigh against a discretionary sentence reduction.

For all these reasons, the Court will deny Defendant's motion.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 84), is **DENIED**.

Signed: June 9, 2023

Max O. Cogburn Jr.
United States District Judge